[PHILADELPHIA, APRIL 16, 1835.]

## WADDELL *against* RATTEW.

### IN ERROR.

Testator devised to his son *A.* a messuage to hold to him, during the term of his natural life; and if he should thereafter have issue of his body lawfully begotten, then to hold to him, his heirs, and assigns forever; but in case ˌhe should die without leaving such issue, then to all the rest of testator's children, their heirs and assigns forever, as tenants in common. *A.* suffered a common recovery and had issue, who died during his life.

*Held,* that the ulterior limitation was a contingent remainder and not an executory devise, and was barred by the recovery.

ERROR to the Common Pleas of Montgomery County

*John Rattew,* being seized in fee of the premises in question, by his will dated October 26, 1780, devised the same in the following words: "I give, devise and bequeath, unto my son *Aaron,* the .messuage, plantation, and tract of land, where my son *John* now lives, in Middleton township, containing about one hundred nineteen acres more or less, with the appurtenances; to hold to him my said son *Aaron,* during the term of his natural ˌlife, and if he shall hereafter have issue of his body lawfully begotten, then to hold to him, his heirs, and assigns forever; but in case he shall die, without leaving such issue, then I give and devise the same to all the rest of my children, their heirs, and assigns forever, as tenants in common."

He also devised other estates to his other children, and to his son *John,* all the residue of· his estate in fee.

The testator died in May, 1781, leaving children, *Mary* intermarried with *David Waddell,* now deceased. *William* and *Aaron,* both deceased without issue; and *John* who died, leaving issue *John Rattew,* and *Eleanor* intermarried with *William L. Fox,* the defendants, to whom he devised the premises.

*Maris Waddell,* the plaintiff, claimed as one of the children and heirs of *John Waddell,* one of the children of *Mary Waddell,* the testator's daughter.

*Aaron Rattew,* to October term, 1793, suffered a common recovery in the Common Pleas of Delaware County, wherein *Joseph Hemphill,* was demandant, and *Aaron Rattew* tenant to the *præcipe.*

*Aaron Rattew,* subsequently sold several parcels of the premises to various persons.

The judgment in the court below was for the defendant; whereupon this writ of error was brought.

*Dick* for plaintiff in error, with whom was *Dillingham.*—*Aaron*

(Waddell *v.* Rattew.)

took a life estate under the will, capable of being enlarged into a fee simple on the birth of issue; but defeasible afterwards on his dying without leaving issue. The ulterior devise to the other children, was therefore an executory devise, and not a contingent remainder; and not barred by the recovery. He cited *Pells v. Brown, Cro. Jac.* 590. *Fearne,* 396, 397. 476, 478, 479. 1 *Preston on Est.* 86. 89. 1 *Wilson,* 106. *Gulliver* v. *Wickett,* 1 *Bro. Ch.* 187. *Wilmot,* 308. *Hayes on Lim.* 28. 3 *Serg. & Rawle,* 470. 1 *Johns.* 451.

*Edwards* and *Tilghman,* for the defendant in error.—The devise to *Aaron* was for life, with a contingent remainder in fee to his children. If a devise can be construed a remainder, it shall never be taken as an executory devise. *Fearne,* 420. 14 *Serg. & Rawle,* 40. 1 *Roberts on Wills,* 478. 3 *Rawle,* 471. They further cited, *Preston on Est.* 93. *Fearne,* 9. *Geager* v. *White, Willes,* 355. *Finley* v. *Riddle,* 3 *Binn.* 139. *Dougl.* 753. 2 *Cruise Dig.* 313. 8 *Mass. Rep.* 37. 1 *Prest. on Est.* 488.

*Dillingham* in reply, referred to 3 *T. R.* 143. 1 *Prest.* 40. *Hayes on Lim.* 81. *Prest.* 490. 1 *P. Wms.* 535.

The opinion of the court was delivered by

KENNEDY, J.—As the question to be decided in this case, arises out of the will of *John Rattew* deceased, it becomes necessary in order to solve it correctly, to ascertain, if possible from the face of the will itself, what was the intention of the testator. And after having discovered this, it will be our duty in construing the devise in question, to carry it into effect, so far as it shall be found consistent with the rules and policy of the law to do so.

The words of the will which have given rise to the present controversy are: "Item, I give and bequeath to my son *Aaron,* the messuage, plantation, and tract of land, (where my son *John* now lives,) in Middleton township, containing about one hundred and nineteen acres more or less, with the appurtenances, to hold to him, my said son *Aaron,* during the term of his natural life, and if he shall hereafter have issue of his body lawfully begotten, then to hold to him, and his heirs, and assigns forever; but in case he shall die without having such issue, then I give and devise the same to all the rest of my children, their heirs and assigns forever, as tenants in common."

The plaintiff's counsel contend that *Aaron* took under the will a conditional fee, determinable upon his dying without issue living at his death, and that the limitation over in that event to the testator's other children, must therefore be considered an executory devise, and consequently not affected by the common recovery suffered by *Aaron;* or in other words, they allege that *Aaron* according to the terms of the will, in case he had had issue, would thereupon have become immediately vested with a fee-simple estate in the land devised to him, defeasible however upon his dying without

issue living at the time of his death: That the birth of issue would have instantly determined his life estate, by enlarging it into a fee; and again in the event of his surviving such issue, and dying without any living at the time of his death, the ulterior devise to the other children of the testator, could only have operated as an executory devise; because as a contingent remainder it could not take effect after the determinable fee had become vested in *Aaron.* I must confess that this view of the devise in question when first presented by the counsel for the plaintiff, struck me forceably as having something in it: and it was certainly maintained on their part with great ingenuity. And if *Aaron* had not suffered the common recovery and had had issue, who had died during his life, and he had then died himself without any living at the time of his death, it may possibly be that the ulterior devise of the land to the other children of the testator, would have operated and taken effect as an executory devise, for it has been said, that an estate may be devised over in either of two events, so that in the one event the devise may operate as a contingent remainder, and in the other as an executory devise. *Doe.* v. *Selby,* 2 *Barn. & Cress.* 926. *S. C.* 9 *Eng. Com. Law Rep.* 277. 2 *Pow. on Dev.* (by *Jarman,*) 245. Be this however as it may, the event which has occurred in this case, does not render it necessary to decide it under such aspect: but if it did, I see no objection that could be made to it, unless it might possibly be thought by some, that to adopt such a principle, would be entrenching upon a rule that has been said to prevail without even an exception to it; which is, that when a devise is capable *according to the state of the objects at the death of the testator,* of taking effect as a remainder, it shall not be construed to be an executory devise. *Reeve* v. *Long, Carth.* 310. *Purefoy* v. *Rogers,* 2 *Saund.* 380, and cases cited in note (9,) also 2 *Pow. on Dev.* by *Jarman,* 237. Besides this, there is said to be another rule by which an executory devise is distinguishable from a contingent remainder, which seems to be opposed to the construction contended for by the plaintiff's counsel: it is this; that to constitute an ulterior limitation, an executory devise where there is a prior estate of freehold devised, the latter must not be merely *liable* to be determined before the former shall take effect, which only renders the remainder dependent on it contingent, but it must be determined before the taking effect of the ulterior devise; as in the case of a devise to *A.* for life, and after his decease to the unborn children of *B.,* this would be a contingent remainder in such children; but under a devise to *A.* for life, and after his decease *and one day* to the children of *B.,* the children of *B.* in this case would take an executory devise. 2 *Pow. on Dev.* by *Jarman,* 238. And for the day undisposed of, between the death of *A.* and the time fixed for the ulterior devise to the children of *B.* to take effect, the estate would belong to the heir or residuary devisee. Ibid. *Stephens* v. *Stephens, Ca. Temp. Talb.* 238. Now it is obvious

(Waddell *v.* Rattew.)

in the case under consideration, that the prior estate devised to Aaron for life, could not be said to be *necessarily* determinable before the time at which the ulterior limitation over to the other children of the testator was to take effect: it was at most, even upon the construction contended for by the counsel of the plaintiff, only *liable* to be determined before that event might happen ; and hence according to the rule just mentioned cannot, or at least in the event that has occurred, cannot be considered an executory devise, but must be deemed a contingent remainder. This construction seems to be requisite also, for the purpose of carrying into effect an intention pretty plainly manifested by the testator, that *Aaron* should not have it in his power to dispose of the land beyond the period of his own life; so that by construing the prior devise to *Aaron,* for the term of his natural life, an absolute vested estate in him for life, making it neither more or less, with a contingent remainder to him in fee upon his dying, leaving issue living at the time of his death; we give full effect to the letter of the will, as well as the intent of the testator.

If the fee given to *Aaron,* which is admitted to have been determinable, had vested in him during his life, the limitation over to the other children of the testator could only have taken effect as an executory devise, but being ever in contingency and the event having failed upon which it is claimed by the counsel for the plaintiff, that it would have become vested, the ulterior devise of the land to the other children had all the properties of a contingent remainder, and as such might and would have taken effect, if the recovery had not been suffered, and therefore could not have operated as an executory devise. The devise to the other children of the testator, is not then the case of a limitation over to them, after a prior *vested* determinable fee given to *Aaron,* which would make it an executory devise, but it is one of two several fees limited merely as substitutes or alternatives, one for the other, that is, the first to *Aaron,* if he should die leaving issue living at the time of his death; but if not, then to the other children of the testator in lieu thereof; thus substituting the latter in the room of the former, if it should fail of effect. This is the principle which was decided in *Loddington* v. *Kyme,* 3 *Lev.* 431 ; *S. C.* 1 *Ld. Raym.* 208, where it was held that the first remainder was a contingent remainder in fee to the issue of *A.,* and the remainder to *B.* was also a contingent fee, not contrary to, or in any degree derogatory from the effect of the former, but by way of substitution for it. And this sort of alternative limitation, was termed a contingency with a double aspect. *Fearne on Cont. Rem.* 373. So that if the estate vested in the one, it never could in the other. *Herbert* v. *Selby,* 2 *Barn. & Cress.* 926. *S. C.* 9 *Eng. Com. L. Rep.* 278. The ulterior devise then to the other children of the testator, being considered in the event that has taken place, a contingent remainder, and *Aaron* by suffering the common recovery, having

(*Waddell v. Rattew.*)

determined his life estate, the only prop of the remainder, before it became vested, it fell, and never could take effect afterwards.

The plaintiffs therefore have no right to recover the land, and the
Judgment is affirmed.